UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **ROLAND PELLETIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:22-cv-00260-JDL |
| | ) | |
| **DEPARTMENT OF CORRECTIONS, et al.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Roland Pelletier, a prisoner who is proceeding pro se, has filed (1) a Motion to Proceed Without the Prepayment of Costs and for the Appointment of Counsel (ECF No. 2) and (2) a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3). The motion for a temporary restraining order seeks, among other things, to enjoin the Defendants, including the Department of Corrections, prison officials, and others, from violating Pelletier's Eighth Amendment and Fourteenth Amendment rights by acting with deliberate indifference to his physical and mental health. In his motion, Pelletier also seeks "[i]mmediate dismissal of [his] cases" and "[i]mmediate release." ECF No. 3 at 1.

Under Fed. R. Civ. P. 65(b)(1), the Court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant[] . . . certifies in writing any efforts made to give notice and the

reasons why it should not be required." "The requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, to obtain *ex parte* relief, a party must strictly comply with those requirements." *Strahan v. O'Reilly*, Case No. 22-cv-52-LM, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022) (unpublished) (alterations omitted) (quoting *Woodard-CM, LLC v. Sunlord Leisure Prods., Inc.*, Case No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020)).

Pelletier has not complied with either of these requirements. First, Pelletier has not filed an affidavit, and his Complaint does not appear to be verified. As such, he has not shown that his request for a temporary restraining order is supported by "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, there is nothing in the record to indicate that Pelletier has either given notice to the Defendants or provided reasons why such notice should not be required. *See Strahan*, 2022 WL 788623, at *2; Fed. R. Civ. P. 65(b)(1)(B). Accordingly, Pelletier's request for a temporary restraining order must be denied.

It is **ORDERED** that Pelletier's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED**. The Court **RESERVES RULING** on Plaintiff's request for a preliminary injunction. This motion and Pelletier's Motion to Proceed Without the Prepayment of Costs and for the Appointment of Counsel (ECF No. 2) are referred to the assigned Magistrate Judge.

SO ORDERED.

Dated: August 26, 2022

                                                /s/ JON D. LEVY  
                                     CHIEF U.S. DISTRICT JUDGE