UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROLAND PELLETIER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | 1:22-cv-00260-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff alleges Defendants violated his constitutional rights. (Complaint, ECF No. 1; Supplement to Complaint, ECF No. 6; Supplement to Complaint, ECF No. 12; Supplement to Complaint, ECF No. 18.) Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint except for Plaintiff's claim of excessive force.

**FACTUAL ALLEGATIONS**

Plaintiff, who is currently incarcerated, asserts that Defendant Libby "smashed" his head against a wall multiple times on or about August 6, 2022. Plaintiff also alleges that multiple unknown guards were present at the time and that others put hands on him during the incident. According to Plaintiff, there are numerous deficiencies at the jail, including poor property maintenance practices, insufficient sanitation measures, inadequate food

preparation methods, and poor compliance with CDC guidelines aimed at reducing the spread of the COVID-19 virus within the facility. Plaintiff also alleges misconduct and errors in his state criminal case.

## LEGAL STANDARD

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the

complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Many of Plaintiff's allegations in the complaint, the supplements to the complaint, and the attachments are "naked assertions," "labels and conclusions," and "formulaic recitation of the elements" that are devoid of sufficient facts to state a plausible claim of entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, Plaintiff references terms like due process, discrimination, equal protection, malicious prosecution, and deliberate indifference to medical needs, but Plaintiff included few, if any, facts about the individuals allegedly responsible or the conduct in question. Plaintiff similarly alleges building and fire code violations, but provides few, if any, specifics about how the conditions at the jail allegedly violate contemporary standards of decency. *See Gillespie v. Wall*, No. CA 10-188 S, 2011 WL 3319990, at *4 (D.R.I. Aug. 1, 2011) (dismissing complaint based on lack of specificity addressing whether code violations represented substantial deviations amounting to a constitutional claim) (citing *Sowell v. Fair*, 915 F.2d 1557, 1990 WL 152343 at *5 (1st Cir.1990)).

Plaintiff's claims regarding prior legal proceedings in state court are also not actionable in this Court. To the extent Plaintiff seeks to stop or delay ongoing state court criminal proceedings, the doctrine of abstention outlined in *Younger v. Harris*, 401 U.S. 37

3

(1971), requires Plaintiff to raise the claims in the state court proceedings rather than in federal court. The *Younger* abstention doctrine generally "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Furthermore, to the extent Plaintiff seeks to overturn the results of state court proceedings that have already concluded, the claims are restricted under the *Rooker-Feldman* doctrine.[1] The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted). In addition, to the extent Plaintiff has attempted to assert claims against prosecutors or judges, Plaintiff has failed to allege any facts that would not be within the immunity afforded prosecutors and judges. *See generally*, *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Butz v. Economou*, 438 U.S. 478, 511 (1978).

Most of Plaintiff's other factual allegations fall short of describing a constitutional violation. For example, Plaintiff cites several instances where corrections officers allegedly did not follow certain CDC guidelines or COVID-19 mitigation measures, such as by failing to wear a mask, by wearing a mask improperly, or by failing to disinfect or wipe down surfaces in shared spaces appropriately. While courts have recognized that the

---

[1] *See generally*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Eighth Amendment could be implicated by serious or persistent failures to take readily available measures to protect others from substantial risks of transmissible diseases like COVID-19, *Denbow v. Maine Dep't of Corr.*, No. 1:20-CV-00175-JAW, 2020 WL 3052220, at *20 (D. Me. June 8, 2020), the conduct alleged by Plaintiff is not sufficient to support a constitutional claim. *See e.g.*, *Dykes-Bey v. Washington*, No. 21-1260, 2021 WL 7540173, at *2–3 (6th Cir. Oct. 14, 2021) (alleged deficiencies in COVID-19 practices did not create constitutional claim when allegations showed that defendants took steps to mitigate risks and thus "responded reasonably," defeating subjective prong of deliberate indifference standard).[2]

Plaintiff has sufficiently alleged a § 1983 claim based on the incident that occurred during his initial intake at the jail. A claim of excessive force in violation of the Eighth Amendment "has two components – one subjective, focusing on the defendant's motive for his conduct, and other objective, focusing on the conduct's effect.'" *Staples v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)).[3] Accepting all well-pled facts as true and drawing all reasonable inferences in Plaintiff's favor, the allegations regarding a corrections officer intentionally slamming Plaintiff's head against a wall with sufficient force to knock out teeth and cause prolonged symptoms

---

[2] To the extent that Plaintiff seeks immediate release as opposed to compensatory or injunctive relief, his complaint could be construed to assert a § 2241 habeas petition, but that petition would fail for essentially the same reasons. *See Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (rejecting § 2241 habeas petition based on alleged Eighth Amendment claim based on COVID-19 risk and mitigation measures).

[3] The Eighth Amendment prohibition on cruel and usual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment impose similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).

combined with the officer's alleged motivation to show Plaintiff that the officers were not "punk[s]," (Supplement to Complaint at 3, ECF No. 6), are sufficient to state a plausible excessive force claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss all claims asserted by Plaintiff except Plaintiff's claim of excessive force against Defendant Libby, provided Plaintiff either pays the filing fee or files a complete application to proceed without prepayment of fees within the 14-day objection period. If Plaintiff does not pay the filing fee or file a complete application to proceed without prepayment of the filing fee within the objection period, I recommend the Court dismiss the matter.[4]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[4] On August 26, 2022, the Court denied Plaintiff's motion to proceed without prepayment of the filing fee because Plaintiff's motion did not include, as required by the governing statute (28 U.S.C. § 1915(a)), a ledger showing the activity in Plaintiff's jail account within the last six months or a certification from an authorized individual at the jail as to any funds Plaintiff had in his account. (Order, ECF No. 5.) The Court ordered that if Plaintiff failed to file a complete application or pay the filing fee by September 9, 2022, the Court could dismiss the matter. As of the date of this recommended decision, Plaintiff has not filed a complete application or paid the filing fee.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                                /s/ John C. Nivison
                                                U.S. Magistrate Judge

Dated this 29th day of September, 2022.