UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROLAND PELLETIER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-cv-00260-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff alleged Defendants violated his constitutional rights. (Complaint, ECF No. 1; Supplemental Complaint, ECF No. 6.) He sought a temporary restraining order and a preliminary injunction against further alleged violations. (Motion for Temporary Restraining Order and Motion for Preliminary Injunction, ECF No. 3.) The Court denied the motion for a temporary restraining order. (Order, ECF No. 4.) Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," I conducted an initial review of Plaintiff's pleadings. 28 U.S.C. § 1915A(a). I recommended the Court dismiss all Plaintiff's claims except for an excessive force claim. (Recommended Decision, ECF No. 19.)

Because the only allegations in the pleadings that were sufficient to state a plausible claim of entitlement to relief involved a single incident of excessive force, which, at most, could justify monetary damages, I recommend the Court deny Plaintiff's motion for a preliminary injunction.

## DISCUSSION

When evaluating a request for injunctive relief, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)).

Plaintiff's sole plausible alleged claim is based on his assertion that Defendant Libby "smashed" his head against a wall multiple times on or about August 6, 2022. Plaintiff did not allege any facts that would support a finding that he faces an actual immediate threat of further incidents of excessive force. A claim for monetary damages from a single incident, without more, generally will not support injunctive relief. *Asociacion De Periodistas De Puerto Rico v. Mueller*, 680 F.3d 70, 84–85 (1st Cir. 2012) ("To justify an injunction when the incident now lies in the past, there must be a 'real and immediate threat' of future legal violations rather than an abstract or conjectural one") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 105 (1983)).  In other words, Plaintiff has an adequate remedy at law for his only claim; prospective relief is not available.  Plaintiff, therefore, has not demonstrated that he is likely to prevail on a claim for which injunctive relief is available. "The sine qua non of [the] four-part inquiry [for injunctive relief] is likelihood of success on the merits; if the moving party cannot

2

demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Accordingly, Plaintiff is not entitled to the preliminary injunctive relief he seeks.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a preliminary injunction.

In one of his filings, Plaintiff also asked for his immediate release from custody. (Motion for Immediate Release, ECF No. 14.) Plaintiff has offered no facts or legal authority that would support this Court ordering his release from custody as a remedy in this civil action. Accordingly, I recommend the Court deny Plaintiff's request for immediate release.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 29th day of September, 2022.